## Edward Lange and Charles Witthaeger, Appellants, v. George Busse and Charles Roeske, Appellees.

### Gen. No. 22,998.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed July 2, 1917.

### Statement of the Case.

Action of trespass by Edward Lange and Charles Witthaeger, plaintiffs, against George Busse and Charles Roeske, defendants, to recover for the destruction of a gate placed by plaintiffs on land which was claimed by defendants to be a public highway, but which plaintiffs asserted was owned by them. From a judgment for defendants, plaintiffs appeal.

WALTER J. MILLER and HENRY J. HARZ, for appellants.

RATHJE, LAWLOR & CONNOR, for appellees; EDWIN D. LAWLOR, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. ROADS AND BRIDGES, § 21*—*what is important in determining establishment of way by prescription.* Where it is claimed that a public highway has been established by -prescription and it is doubtful whether the user over the land has been adverse, it is important to ascertain how the public authorities have treated the roadway generally.

2. ROADS AND BRIDGES, § 21*—*when fact of shifting in roadway is not decisive in determining establishment of prescriptive way.* The fact that there has been some shifting in a roadway over private land to avoid holes therein, growing trees and the like, is not

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

decisive in determining the establishment of a way by prescription where at the particular point in question the use has been continuous.

3. ROADS AND BRIDGES, § 11*—*when public highway is established by prescription.* Before a public highway is established by prescription, its public use must be shown to have been adverse, uninterrupted, exclusive, continuous and under claim of right.

4. ROADS AND BRIDGES, § 23*—*when evidence is sufficient to show user of highway to be adverse, uninterrupted, exclusive, continuous and under claim of right.* Evidence *held* sufficient to show that the permissive use for over fifteen years of a way over private land for the purpose of frequently hauling gravel from a gravel pit and for access to two farms at a point where a gate had been erected had been adverse, uninterrupted, exclusive, continuous and under a claim of right, even though the use of other portions of the way had not been continuous and the road had been shifted from point to point.